DLD-150                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2019
_____

IN RE:  JOSEPH CAMMARATA,
                                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:21-cv-04845)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 11, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: July 22, 2024)
_____

OPINION*
_____

PER CURIAM

Joseph Cammarata, proceeding pro se, has filed a petition for a writ of mandamus

compelling the District Court to dissolve an injunction freezing his assets.  For the

reasons that follow, we will deny the mandamus petition.

In October 2022, Cammarata was convicted in federal court of wire fraud and

other crimes based on his submission of false claims to securities class action claims

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

administrators.  Cammarata was sentenced in June 2023 to ten years in prison with monetary liability totaling over 48 million dollars.  See E.D. Pa. Crim. No. 2:21-cr-00427.  His appeal is pending.  See C.A. No. 23-2110.

Shortly after the indictment was filed, the Securities and Exchange Commission filed a civil action against Cammarata and other defendants based on the same conduct.  The SEC claimed violations of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(e), and 17 C.F.R. § 240.10b-5, and moved for a temporary restraining order to freeze Cammarata's assets.  The District Court issued a TRO.  In January 2022, pursuant to a stipulation by the parties, the District Court issued a preliminary injunction that extended the relief in the TRO.  Cammarata was represented by counsel.  In July 2022, the District Court granted his motion to proceed pro se.

The civil action was stayed during Cammarata's criminal proceedings.  On August 31, 2023, the District Court granted the SEC's motion for summary judgment as to Cammarata's liability.  On January 23, 2024, the District Court issued a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  Among other remedies, the District Court ruled that Cammarata's payment obligation to the SEC was $2,701,793.98, an amount that was offset by the restitution and forfeiture orders in his criminal case.  The Court retained jurisdiction for enforcement purposes.[1]

---

[1] In a separate order, the District Court denied Cammarata's motion for recusal. Cammarata's appeal of that ruling is pending.  See C.A. No. 24-1381.

Cammarata then filed a motion to dismiss the SEC's complaint for lack of subject matter jurisdiction and, in the alternative, for relief from the order granting summary judgment in favor of the SEC. The District Court denied relief on April 2, 2024. It rejected, among other things, Cammarata's contention that it had never ruled on his summary judgment motion.

Cammarata also moved to dissolve the asset freeze on March 7, 2024. The SEC opposed the motion and moved to lift the freeze for the limited purpose of collecting its judgment. In response to a District Court order, the United States and Nina Cammarata, an intervenor and Cammarata's ex-wife, also opposed lifting the asset freeze except to the extent necessary to satisfy the judgments against him. The United States, the SEC, and Nina Cammarata then moved to preserve the status quo. They had reached an agreement as to the allocation of the frozen assets and requested additional time to finalize it. On June 14, 2024, the District Court granted that motion.

A few days before the District Court issued its order preserving the status quo, Cammarata filed a mandamus petition in this Court. He challenges the legality of the TRO that froze his assets and its conversion to a preliminary injunction. He also asserts that the District Court has not addressed his motion for summary judgment. Cammarata seeks a writ compelling the District Court to dissolve the injunction freezing his assets.

A writ of mandamus is an extraordinary remedy. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). A petitioner must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the

writ is appropriate under the circumstances. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). "[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Cammarata has not demonstrated a clear and indisputable right to a writ or that he has no other adequate means to obtain relief. To the extent he challenges the validity of the orders freezing his assets, the parties stipulated to the preliminary injunction. And Cammarata has not shown that pursuing a timely appeal from the final judgment, or an appeal from a post-judgment order involving the frozen assets, is inadequate. Cammarata states that he needs funds to hire counsel; however, the District Court has entertained filings seeking the partial release of funds for this purpose.

To the extent the District Court has yet to address Cammarata's motion to dissolve the asset freeze, there has not been undue delay warranting mandamus relief. See Madden, 102 F.3d at 78. And, insofar as Cammarata contends that the District Court has not ruled on his motion for summary judgment, the District Court addressed that contention in its April 2, 2024, order, which Cammarata has appealed.

Accordingly, we will deny Cammarata's mandamus petition.[2]

---

[2] Cammarata's emergency motion to intervene is also denied.